[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The defendant-appellant, Muhammad Williams, appeals from his conviction, following a jury trial, for two counts of aggravated robbery and two counts of robbery, each with a firearm specification. In his first and second assignments of error, Williams contends that his convictions were based upon insufficient evidence and were contrary to the manifest weight of the evidence. Upon review of the record, however, we do not consider either argument persuasive. One of the other robbers, Isaac Williams, testified that Muhammad Williams had participated in the offenses. Isaac Williams's testimony was substantially corroborated by physical evidence, including shoe prints, matching hairs from a ski cap found near the crime scene, and a jacket found in Williams's apartment stained with dye matching that of the dye pack that had been used by the bank to aid in the recovery of the stolen money. Accordingly, we hold that there was substantial evidence to support the convictions and that the jury did not lose its way or commit a manifest miscarriage of justice when it convicted Williams on all counts. See State v. Thompkins (1997),78 Ohio St.3d 380, 678 N.E.2d 541.
In his third assignment of error, Williams argues that the trial court erred in allowing the state to present evidence that he had engaged in other criminal acts. See Evid. R. 404. Specifically, Williams argues that the jury should not have heard evidence that the investigating officer had first interviewed him at the Justice Center, where he had been arrested for giving false identification to a police officer. We agree with the state, however, that this information was not solicited as evidence of other crimes, but as background for the interview that took place. Further, we note that defense counsel objected to the testimony at the time it was given, and that the trial court immediately gave the following curative instruction:
 Folks, this is — This charge is no proof [Williams] was guilty of such an offense. People get arrested all the times for things they didn't do.
 In any case, this particular offense never did get to an indictment and [Williams] never has been formally charged with it by way of indictment and [Williams is] not under indictment for it now and is not being tried for it.
 Because of the curative instruction, which the jury is presumed to have followed, the background nature of the testimony, and the overwhelming evidence of guilt, we find no merit in Williams's third assignment of error.
In his fourth and final assignment of error, Williams argues that he was denied effective assistance of trial counsel because his attorney failed to object to an impermissible comment on Williams's decision to terminate a police interview and to request an attorney. We agree with the state, however, that the record shows just the opposite: that defense counsel skillfully took preemptive action to assure that such information was not given to the jury.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
DOAN, P.J., HILDEBRANDT and GORMAN, JJ.